UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BARBARA JEAN HARTLETT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:22-cv-00185-NT |
| ) | |
| STATE OF MAINE, et al., ) | |
| ) | |
| Defendants ) | |

### RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915

Plaintiff Barbara Hartlett alleges Defendants violated state and federal law in connection with the medical care administered to her adult son.[1] (Complaint, ECF No. 1.) Defendants include the State of Maine, various state officials, the Maine Department of Health and Human Services (DHHS), healthcare entities and providers, and social workers.

With her complaint, Plaintiff filed a motion to proceed without prepayment of the filing fee, which motion the Court granted. (Motion, ECF No. 3; Order, ECF No. 4.) In accordance with the statute that governs matters filed without prepayment of the filing fee, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint and supporting documents pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

---

[1] Plaintiff's complaint lists her son, Abraham Staples in the caption of the complaint. (Complaint, PageID #: 1, ECF No. 1.) Although the court's docket lists Abraham as a plaintiff, he did not sign the complaint. Plaintiff Barbara Hartlett is the sole signatory to the complaint.

## STANDARD OF REVIEW

The governing statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding without prepayment of the filing fee, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). Moreover, "[d]espite the

highly deferential reading which [courts] accord a litigant's complaint under Rule 12(b)(6), [courts] need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." *Correa-Martinex v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1990).

## FACTUAL BACKGROUND

Plaintiff alleges she found her adult son, Abraham, having a seizure in their shared home on January 24, 2021. (Case History, Attachment to Complaint, PageID #: 158, ECF No. 1-10.) In response to Plaintiff's 911 call, a police officer arrived and administered Narcan, although Plaintiff informed the officer that her son did not use drugs (*Id*.) Abraham was transported to Waldo County General Hospital, where Narcan was again administered. Plaintiff asserts her son was screened for drugs at the hospital and the results were negative. (*Id*.) He was subsequently transferred to Northern Light Eastern Maine Medical Center via LifeFlight. (*Id*.) While in the intensive care unit, Abraham suffered multiple strokes and was in a coma until early March, 2021. (*Id*., PageID ##: 158-59.) During Abraham's hospitalization, doctors performed a tracheostomy and employed feeding tubes as part of his care. (*Id*., PageID #: 159.)

Plaintiff and Abraham's father, Herbert Staples, petitioned for emergency guardianship of Abraham, which was granted by the Penobscot County Probate Court on February 23, 2021. (*Id*.; *see* Order on Request for Emergency Appointment of Guardian

(Guardianship Order), Attachment to Complaint, PageID #: 153, ECF No. 1-9.)[2]  Mr. Staples was discharged home on March 11, 2021.  (Case History, PageID #: 159.)  Both prior to and following his discharge, Plaintiff sought rehabilitative therapy and in-home care for her son.  (*Id*., PageID ##: 159-60.)  In the months following Abraham's discharge, he developed skin lesions which, in part, resulted in emergency room visits and further hospitalizations.  (*Id*., PageID ##: 161-68.)  Plaintiff believed her son had developed a serious reaction to an antiseizure medication. (*Id*.)

Plaintiff was treated on two occasions at Massachusetts General Hospital (MGH), which treatment included a month-long hospitalization. (*See* Guardianship Order, PageID #: 154.)  After Abraham's hospitalization at MGH, he was discharged to an acute rehabilitation facility on June 18, 2021. (Guardianship Order, PageID #: 154.)

On July 12, 2021, DHHS filed in the Waldo County Probate Court a new petition for the appointment of a public guardian for Abraham.  (Guardianship Order, PageID #: 153.)  Following a hearing on DHHS's petition on July 21, 2021, the court made certain findings and removed Plaintiff and Abraham's father as Abraham's emergency guardians. The court appointed DHHS as Abraham's emergency guardian.  (*Id*., PageID #: 155.) Plaintiff maintains that the court erred in its factual findings and conclusions of law.  (*See id*., PageID ##: 153-56 (handwritten notations)).

---

[2] The court appointed Plaintiff and Abraham's father as emergency co-guardians.  (Guardianship Order at 1.)  The guardianship matter was later transferred to the Waldo County Probate Court, and that court continued the emergency appointment for an additional 120 days on April 13, 2021.  (*Id*.)

#### DISCUSSION

Plaintiff claims Defendants have violated several state and federal laws in connection with Abraham's medical care.[3] She alleges that Defendants' actions have compromised her son's health. Abraham is an adult who, according to Plaintiff's pleadings, remains under a guardianship.

"The federal courts have consistently rejected attempts at third-party lay representation. By law an individual may appear in federal courts only pro se or through legal counsel." *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) (citing *United States v. Taylor*, 569 F.2d 448, 450–51 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978), and 28 U.S.C. § 1654). Plaintiff, therefore, cannot assert claims on Abraham's behalf.

To the extent Plaintiff attempts to assert a personal claim, the claim appears to be a challenge to the probate court's decision to remove her as Abraham's guardian. Any such claim would be precluded by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine "divest[s] lower federal courts of jurisdiction to hear cases brought by state-court losers complaining of injuries caused by state-court judgments that were rendered before the district court proceedings commenced and invite district court review and rejection of those judgments." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 64-65 (1st Cir. 2018)

---

[3] Plaintiff alleges Defendants also committed various federal and/or state crimes. To the extent Plaintiff seeks to institute criminal proceedings, Plaintiff does not have standing to pursue criminal charges against any of the Defendants. *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens lack a judicially cognizable interest in the criminal prosecution of another); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Briand v. Lavigne*, 223 F. Supp. 2d 241, 251 (D. Me. 2002).

(citation and quotation marks omitted). "*Rooker-Feldman* squarely applies when a plaintiff insists that [a federal court] must review and reject a final state court judgment," even where a plaintiff has not "actually argued the merits of [her] claim[] in state court …." *Davison v. Gov't of P.R.-P.R. Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006). Application of the *Rooker-Feldman* doctrine is "not contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues proffered in the subsequent federal suit," but rather turns on "whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment." *Klimowicz*, 907 F.3d at 66.

For Plaintiff to succeed on a challenge to the probate court decision would require this Court, "either explicitly or implicitly," to declare that the state probate court erred in its decision on the guardianship petition. *Id*. Any personal claim Plaintiff seeks to assert, therefore, would be barred by the *Rooker-Feldman* doctrine.[4]

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss the complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[4] Plaintiff lists defamation among her claims, but she does not identify the alleged defamatory statements or the author of the statements. (*See* Complaint ¶ III.) Plaintiff thus fails to state a claim for defamation. *See Correa-Martinex*, 903 F.2d at 52.

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                        /s/ John C. Nivison
                                        U.S. Magistrate Judge

Dated this 18th day of July, 2022.